E-FILED
Tuesday, 22 September, 2026 12:37:38 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFREY L. SMITH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3220** |
| | ) | |
| **MARYANN BOLLINGER, *et al.*,** | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and in the custody of the Packard Mental Health Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against Maryann Bollinger (Postal Clerk), Brian Kimbro (Postal Clerk), and Aimee Trone (also known as Aimee Smith). Plaintiff alleges Defendants Bollinger, Kimbro, and Trone collaborated to commit mail fraud by stopping his mail and a ballot from being delivered to him at the Packard Mental Health Center. Plaintiff alleges Defendant Trone filled out a form to stop mail delivery at the post office in Astoria, Illinois. Defendant Trone allegedly informed Postal

Clerks Bollinger and Kimbro that she was Plaintiff's wife, and Plaintiff was deceased. Plaintiff alleges Defendants Bollinger and Kimbro accepted the stop mail request without requiring proof of his purported death.

**ANALYSIS**

Defendants Bollinger, Kimbro, and Trone cannot be sued under Section 1983. "[S]ection 1983 applies only to *state* actors, not *federal* actors (like the Postal Service employees)." *Pittman v. United States Postal Serv.*, No. 22-CV-1433, 2023 WL 8807252, at *8 (N.D. Ill. Dec. 20, 2023), *aff'd*, No. 24-1088, 2024 WL 4274707 (7th Cir. Sept. 24, 2024) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)); *Terry v. Hodapp*, No. 10 C 165, 2011 WL 382816, at *2 (N.D. Ill. Feb. 1, 2011) ("Section 1983 claims do not apply to federal actors acting in the course of their federal employment.")). Plaintiff cannot sue Ms. Trone, who claimed to be his wife, because she is not a "state actor." *See Hannah v. Rolland*, No. 16-CV-3165, 2016 WL 5842218, at *1 (C.D. Ill. Oct. 4, 2016) (holding plaintiff could not sue his child's mother under Section 1983 because she was not a "state actor") (citing *Wyatt v Cole*, 504 U.S. 158, 161 (1992) (the purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights...")).

Plaintiff's Complaint is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any amendment would be futile because the facts do not support a constitutional violation.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. The Clerk is directed to enter judgment and close this case.

2) This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the filing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (See d/e 7).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: September 22, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge